BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

| | |
|---|---|
| VINCENT MORGAN as father and guardian, for the use and benefit of STEPHEN MORGAN, a minor, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART, INC. <br><br> Defendant. | **COPY** <br> Original Received <br> **JUL 3 1 2020** <br> Clerk of the Trial Courts <br><br> Case No. 3AN-20-07296CI |

## COMPLAINT

COMES NOW the plaintiff, VINCENT MORGAN AS FATHER AND GUARDIAN OF STEPHEN MORGAN, by and through his attorneys, BARBER & ASSOCIATES, LLC, and for his complaint against defendant WAL-MART STORES, INC., does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. The plaintiff is the father and guardian of Stephen Allen, a minor (DOB 07/24/2019).

3. That at all times material hereto, defendant was and is a Delaware

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 1

corporation doing business in Anchorage, Alaska.

4. The defendant is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or agency and/or respondeat superior.

5. The defendant owned and/or managed and/or occupied and/or controlled a Wal Mart store at 7405 Debarr Road (hereinafter "the Debarr Walmart"), Anchorage, Alaska.

6. The defendant was doing business as Walmart.

7. That on or about 06/21/2020, Plaintiff and Stephen Morgan were at the Debarr Walmart.

8. Plaintiff and Stephen Morgan were Walmart customers.

9. The defendant had a duty to use care and diligence to keep and maintain the Debarr Walmart in a condition that was reasonably safe for intended users and free from defects and conditions which would render it dangerous and unsafe for intended users, or that present an unreasonable risk of harm to intended users in their lawful use of the premises.

10. On or about 06/21/2020, an automatic door at the Debarr Walmart closed without warning on Stephen Morgan (DOB 7/24/2019) as Plaintiff and Stephen Morgan were exiting the store.

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 2

Case 3:20-cv-00213-TMB   Document 1-2   Filed 09/01/20   Page 2 of 8

Exhibit B
Page 2 of 8

11. Stephen Morgan was being pushed in a shopping cart by Plaintiff and/or his mother Stacey Morgan as they exited the Debarr Walmart.

12. Walmart expects parents shopping at Walmart to utilize shopping cart child seats to hold and transport children inside Walmart.

13. Stephen Morgan was properly positioned in the shopping cart child seat as he was exiting the store.

14. Plaintiff and Stephen Morgan were allowed to be where they were when the 6/21/2020 incident occurred.

15. Stacey Morgan was allowed to be where she was when the 6/21/2020 incident occurred.

16. Plaintiff and/or Stacey Morgan reported the incident to Walmart employees after the incident on 6/21/2020.

17. The plaintiff was shopping at Walmart on 6/21/2020.

18. The plaintiff had a reasonable expectation that the defendant's automatic doors were safe for him and his family to pass through.

19. The plaintiff had a reasonable expectation that the defendant's automatic door worked properly.

20. The plaintiff had a reasonable expectation that defendant's automatic door would not close on him and his family without warning as they passed through.

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 3

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

21. The automatic door closed and caught Stephen Morgan's left hand between the cart he was in and the automatic door as it closed.

22. Walmart employees admitted to Plaintiff on 6/21/2020 that the injury to Stephen Morgan's hand was Walmart's fault.

23. Walmart employees admitted to Plaintiff on 6/21/2020 that the automatic door had malfunctioned.

24. A Walmart manager came out to try to fix the door after the 6/21/2020 incident.

25. The Walmart manager who tried to fix the door was not able to fix the door while Plaintiff was still there after the incident on 6/21/2020.

26. The Walmart manager who tried to fix the door had to lock the door in the open position after he could not make it function properly.

27. The Walmart manager who tried to fix the door told Plaintiff they had been having trouble with that door previously.

28. Another, more senior, Walmart manager, who identified himself as ex law enforcement and ex military, told Plaintiff that there was video of the incident.

29. The Walmart manager who identified himself as ex law enforcement and ex military, told Plaintiff he could not see the video.

30. The Walmart manager who identified himself as ex law enforcement

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 4

and ex military, told Plaintiff that the video would be recorded and kept on file.

31. The Walmart manager who identified himself as ex law enforcement and ex military, told Plaintiff that the video would be uploaded and sent "to corporate."

32. The Walmart manager who identified himself as ex law enforcement and ex military, told the other Walmart employees to stop talking to Plaintiff.

33. The Walmart manager who identified himself as ex law enforcement and ex military, told the other Walmart employees to stop talking about the door.

34. The Walmart manager who identified himself as ex law enforcement and ex military, told the other Walmart employees to be quiet.

35. Walmart employees kept Plaintiff and Stephen Morgan at Walmart after the incident for approximately 20-30 minutes to sign documents and fill out forms about the incident.

36. During the 20-30 minutes Walmart employees kept Plaintiff and Stephen Morgan at Walmart filling out paperwork, Plaintiff kept saying he had to get his son to the emergency room.

37. The plaintiff was reasonably using the automatic door in the defendant's store.

38. The plaintiff was reasonably using the shopping cart in the defendant's

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 5

Case 3:20-cv-00213-TMB   Document 1-2   Filed 09/01/20   Page 5 of 8

Exhibit B
Page 5 of 8

store.

39. The defendant was responsible for the safety of patrons at the area where Plaintiff's son was injured.

40. The defendant was negligent and/or reckless for failure to take steps to make sure that its automatic door functioned properly and safely.

41. The defendant is liable for negligent failure to warn of hazardous or unsafe conditions which was a substantial factor in causing harm to Stephen Morgan.

42. The defendant is liable for negligent hiring and/or training and/or supervision and/or retention which was a substantial factor in causing harm to Stephen Morgan.

43. The defendant is liable for negligent failure to reasonably inspect and/or maintain the doors which was a substantial factor in causing harm to Stephen Morgan.

44. The defendant is liable for negligent failure to monitor the functioning of the doors which was a substantial factor in causing harm to Stephen Morgan.

45. The defendant has retained and still has the video showing the 6/21/2020 incident.

46. The defendant had issues with the same door prior to the 6/21/2020 incident.

47. On information and belief, other Walmart customers had complained

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 6

Case 3:20-cv-00213-TMB   Document 1-2   Filed 09/01/20   Page 6 of 8

Exhibit B
Page 6 of 8

about the same door prior to the 6/21/2020 incident.

48. On information and belief, the defendant negligently and/or recklessly and/or intentionally set video retention policies to review and keep video of customers claiming injury, but not of the employee conduct which gave rise to the injury.

49. On information and belief, the defendant failed to retain video of the same door malfunctioning prior to the 6/21/2020 incident.

50. On information and belief, defendant did not retain video of its employees' conduct in response to the same door malfunctioning prior to the 6/21/2020 incident.

51. On information and belief, the defendant negligently and/or recklessly and/or intentionally spoliated video showing the same door malfunctioning prior to the 6/21/2020 incident.

52. Door safety policies at the defendant's store were set by Walmart Inc. based on incidents and experiences at Walmart stores nationwide.

53. Prior to Stephen Morgan's injury, the defendant negligently and/or recklessly and/or intentionally failed to take reasonable steps to prevent customer injuries, including but not limited to reasonably investigating employee conduct giving rise to customer injuries.

54. Prior to the Stephen Morgan's injury, the defendant failed to take

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 7

Case 3:20-cv-00213-TMB   Document 1-2   Filed 09/01/20   Page 7 of 8

Exhibit B
Page 7 of 8

reasonable steps to make sure the door was functioning properly for intended users.

55. The defendant's conduct evidenced reckless indifference to the interests of others and/or was outrageous.

56. The defendant is liable for punitive and/or exemplary damages.

57. The defendant is liable for past and/or future: medical expense, pain, suffering, disability, loss of enjoyment of life, inconvenience, physical impairment, loss of earning capacity, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

WHEREFORE, having fully pled the plaintiff's complaint, plaintiff requests a judgment against defendant in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 27 day of July, 2020.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: /s/
ADAM WINNER
AK Bar #1205041

4409/01 Complaint
Morgan v. Wal Mart Stores, Inc.
Page 8